UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80294-CIV-DAMIAN

**JOHN CHRISTOPHER DYKES and
ROBERT MICHAEL LEE DYKES as
Co-Personal Representatives of the
Estate of Robert Dykes**,

      Plaintiffs,

v.

**BOAT OWNERS ASSOCIATION OF
THE UNITED STATES,** *et al.*,

      Defendants.
_____/

**OMNIBUS ORDER FOLLOWING STATUS CONFERENCE
AND GRANTING MOTIONS TO STAY CASE [ECF NOS. 38 & 39]
AND TO FORGO JOINT SCHEDULING REPORT [ECF NO. 22]**

**THIS CAUSE** came before the Court following a Status Conference held in person on July 17, 2024 [ECF No. 45], at which counsel for Plaintiffs, John Christopher Dykes and Robert Michael Lee Dykes ("Plaintiffs"), as co-personal representatives of the estate of Robert Dykes, and Defendants, Boat Owners Association of the United States, Tow Boat One Inc., and Captain Craig Robert McCarter ("Defendants"), appeared before the undersigned to address the pending matters in this case.

**THE COURT** has considered the pertinent portions of the record and is otherwise fully advised in the premises. At the Status Conference, the Court heard from the parties about the pending Objection to Notice of Removal and Incorporated Motion to Remand [ECF No. 11 (the "Motion to Remand")], the Motion to Forego Participation in Joint Scheduling Report [ECF No. 22], and the Motion to Stay [ECF No. 38] and Amended Motion to Stay

Pending Ruling on Remand [ECF No. 39 (the "Amended Motion to Stay")], all filed by Plaintiffs. The parties also informed the Court concerning the status of related proceedings. For the reasons stated and further detailed on the record during the Status Conference, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. By **Tuesday, July 30, 2024**, the parties shall file a Notice informing the Court whether the mediator, as discussed on the record, is available to conduct mediation. If, by July 30, 2024, the parties have secured the mediator and agreed on the time, date, and place for mediation, they shall jointly file a proposed order scheduling mediation in the form specified on the Court's website, http://www.flsd.uscourts.gov. In accordance with the procedures outlined in the CM/ECF Administrative Procedures, the proposed order must also be emailed to damian@flsd.uscourts.gov in Word format. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as the impasse becomes clear, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.1. Within three (3) days of the mediation, the parties shall file a joint mediation report with the Court. The report shall indicate whether the case settled (in full or in part), whether it was adjourned, or whether the mediator declared an impasse. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

2. For the reasons stated on the record, the Motion to Stay **[ECF No. 38]** and the Amended Motion to Stay **[ECF No. 39]** are **GRANTED**, and the Motion to Forgo Participation in Joint Scheduling Report **[ECF No. 22]** is **GRANTED**. This case is hereby

**STAYED** pending the Court's ruling on the Motion to Remand [ECF No. 11]. The Clerk of the Court is **DIRECTED** to mark this case **CLOSED** for statistical purposes only.

3. By **July 30, 2024**, Defendants shall provide Plaintiffs with all insurance coverage information pertinent in this case. In so doing, Defendants shall identify any provisions that set forth coverage amounts.

4. By **July 30, 2024**, Plaintiffs shall produce the documents prepared by their retained accountant, as identified by Plaintiffs' counsel on the record. Upon receipt of these documents, Defendants may request expedited discovery regarding supporting information and/or documents underlying Plaintiffs' accounting documents. Plaintiff shall provide the requested information and/or documents within five (5) days of receiving the request. If a dispute arises between the parties during this exchange, the parties must confer and engage in a genuine effort to resolve the dispute before seeking Court intervention. If the parties are unable to resolve their disputes without Court intervention, Plaintiffs may file a motion for protective order within five (5) days of the parties' impasse. The motion shall not exceed five (5) pages (double-spaced) and shall briefly inform the Court regarding the issues to be heard. The motion shall include a certification that the parties have complied with Southern District of Florida Local Rule 7.1(a)(3) and provide the information required by the Rule. Plaintiffs shall attach to their motion any requests for production, requests for admission, or interrogatories that are in dispute and the written responses thereto, if any. Defendants shall file a response, also not to exceed five (5) pages (double-spaced), no later than three (3) business days after the motion is filed. No replies are permitted, unless ordered by the Court.[1]

---

[1] During the Status Conference, Plaintiffs' counsel expressed concern that participation in this form of discovery may constitute waiver of the right to persist in seeking remand. The Court

Although this written Order is executed this 17th day of July 2024, the Court announced its rulings on the record at the Status Conference held July 16, 2024 [ECF No. 45], and, thus, this Order is effective as of July 16, 2024.

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 17th day of July, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record.

---

expressly notes that such participation shall not be deemed as a waiver of the right to continue to seek remand.