UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80294-CIV-DAMIAN

JOHN CHRISTOPHER DYKES and
ROBERT MICHAEL LEE DYKES as
Co-Personal Representatives of the
Estate of Robert Dykes,

    Plaintiffs,
v.

BOAT OWNERS ASSOCIATION OF
THE UNITED STATES, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND [ECF NO. 11]

**THIS CAUSE** is before the Court on Plaintiffs, Christopher Dykes and Robert Michael Lee Dykes, as Co-Personal Representatives of the Estate of Robert Dykes ("PR" or "Plaintiffs"), Objection to "Notice of Removal" and Motion to Remand [ECF No. 11 (the "Motion to Remand")], filed April 2, 2024.

**THE COURT** has reviewed the Motions, the applicable law, and the pertinent portions of the record and is otherwise fully advised.

### I.    BACKGROUND

*A.    Prior Proceedings.*

The instant action has its roots in two separate civil actions—one filed in this District and the other in state court. As to the federal action, on September 30, 2022, Defendant Tow Boat One, Inc. ("TBO"), as a petitioner, filed a "Verified Complaint for Exoneration from or Limitation of Liability" against the PR pertaining to a boating incident that occurred on April 16, 2022 (described in more detail below) and led to the death of Robert Dykes (the

"Decedent"). *See generally In re: Tow Boat One, Inc.*, Case No. 22-cv-81516-Middlebrooks (S.D. Fla.) (hereinafter, "*In re: Tow Boat*"). On October 20, 2022, Judge Middlebrooks entered an injunction that stayed and restrained the commencement or prosecution of any lawsuit by the PR. *See In re: Tow Boat*, ECF No. 7. The PR filed an Answer on February 21, 2023, and subsequently sought to modify the injunction to seek leave to file an action in the state court. *In re: Tow Boat*, ECF Nos. 17, 38.

While the PR's motion to modify the injunction was pending, on May 8, 2023, TBO moved for leave to file a third-party complaint against Christopher McDermott ("McDermott"), the captain of one of the vessels that struck and killed the Decedent. *In re: Tow Boat*, ECF No. 62. Judge Middlebrooks referred the PR's motion to modify the injunction and TBO's motion for leave to file a third-party complaint to Magistrate Judge Matthewman, who entered a Report and Recommendation (the "R&R") on July 5, 2023, recommending that the PR's motion to modify the injunction be granted in part to allow the PR to pursue a state civil action under certain conditions. Judge Matthewman also recommended that TBO's motion for leave to file a third amended complaint be granted to the extent it sought to add McDermott as a third-party defendant. *In re: Tow Boat*, ECF No. 90. Judge Middlebrooks adopted and affirmed Judge Matthewman's R&R on September 15, 2023. *In re: Tow Boat*, ECF No. 95.

  **B.**  ***The Instant Action.***

The PR filed the operative complaint in the state civil action on February 8, 2024. *See* ECF No. 1-1 (the "Amended Complaint"). The Amended Complaint names as Defendants Boat Owners Association of the United States ("BOA"), TBO, and Captain Craig Robert McCarter ("McCarter") (collectively, "Defendants"). In the Amended Complaint, the PR

alleges that on April 16, 2022, the Decedent attempted to rescue eight persons who had entered the water after their vessel, the *Fricka*, foundered. Am. Compl. ¶ 14. According to the Amended Complaint, McCarter "aggressively" ran the vessel he was captaining, the *Unit 4* (owned by TBO), through several vessels already on the scene and trapped the Decedent in the water between the *Unit 4* and Dykes's vessel, the *Country Boy*. *Id.* ¶ 15. McCarter then left the helm of the *Unit 4*, which then drifted in the direction of the *Country Boy* and pinned the Decedent, crushing him and causing him to sustain fatal injuries. *Id.* ¶¶ 16–17. The PR asserts claims for negligence and negligence *per se* against McCarter (Counts I–II); vicarious liability against TBO (Count III); negligence and negligence *per se* against TBO (Count IV–V); joint venture against TBO and BOA (Count VI); vicarious liability against BOA (Count VII); and negligence against BOA (Count VIII).[1] *See generally id.*

As to TBO, in particular, the PR alleges that TBO is vicariously liable for the negligent actions of McCarter, who, at the time of the incident, was operating the *Unit 4*. *Id.* ¶¶ 32–33. The PR asserts that TBO was directly negligent by failing to properly train its employees, recklessly incentivizing them, inadequately vetting its captains, and neglecting to ensure the *Unit 4*'s seaworthiness. *Id.* ¶¶ 39–40. Furthermore, the PR alleges that TBO was negligent *per se* due to violations of the International Regulations for Preventing Collisions at Sea, or the "COLREGS,"[2] and that TBO engaged in a joint venture with BOA, making it jointly liable with that entity. *Id.* ¶¶ 49–50.

---

[1] The Amended Complaint contains a scrivener's error as to Count VIII, incorrectly listing it as Count IX.

[2] COLREGS are the navigational duties of a vessel, originally contained in The International Regulations for Preventing Collisions at Sea, Oct. 20, 1972, 28 U.S.T. 3459, and now codified by Congress at 33 U.S.C. § 1601, *et seq.*

TBO removed the action to this Court on March 14, 2024, pursuant to 28 U.S.C. § 1331, asserting that the claims in this action arise under the laws of the United States based on alleged violations of the "COLREGS." *See generally* ECF No. 1. On April 2, 2024, Plaintiffs filed the Motion to Remand now before the Court. [ECF No. 11]. Defendants responded on April 26, 2024 [ECF No. 27 (the "Response")], and Plaintiffs replied on May 8, 2024 [ECF No. 35 (the "Reply")].

### C.   *Relevant Subsequent Procedural History.*

This action was reassigned to the undersigned on May 2, 2024, following an Order of Recusal. [ECF No. 28]. Before the case was reassigned, on April 24, 2024, Plaintiffs filed a Motion to Forgo Joint Scheduling Report Until the Court Rules on the Motion for Remand [ECF No. 22]. Then, on May 29, 2024, Plaintiffs filed a Motion to Stay this Case pending the Motion to Remand [ECF No. 38]. The relief requested in those motions is evident by their titles. This Court *sua sponte* convened a Status Conference on July 17, 2024, after which it entered an Omnibus Order (1) directing the parties to secure a mediator and agree on a date and time for mediation, (2) staying the case and any requirement to file a joint scheduling report, (3) instructing Defendants to provide Plaintiffs with pertinent insurance coverage information, (4) ordering Plaintiffs to produce documents prepared by their retained account, as identified by Plaintiffs' counsel on the record, and (5) directing the parties to engage in expedited discovery regarding supporting information and/or documents underlying Plaintiffs' accounting documents and to file a motion for protective order should any disputes arise between the parties. *See generally* ECF No. 46.

On November 25, 2024, this Court convened a Status Conference and subsequently entered an Order requiring Defendants to file, by December 5, 2024, supplemental briefing

4

on relevant case law "in which a federal court found that the applicability of the [COLREGS] . . . conferred federal question jurisdiction over or preempted state law claims." *See* ECF No. 63 at 2 (the "November 25 Order"). The November 25 Order also permitted Plaintiffs to respond to Defendants' supplemental briefing in due course. *See id.* Defendants filed their supplemental briefing on December 5, 2024 [ECF No. 64], and, on December 18, 2024, Plaintiffs responded with their own briefing [ECF No. 67]. The Motion for Remand is now fully ripe for adjudication.

## II.     LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See id.* § 1332(a).

A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." (citation omitted)). Due to federalism concerns, federal courts strictly construe the requirements of removal jurisdiction and remand all cases in which jurisdiction is doubtful. *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003); *see also Univ. of S.*

*Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). When the parties disagree on the existence of jurisdiction, "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

The existence of federal jurisdiction is tested at the time of removal. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008); *see also Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." (emphasis and citations omitted)).

### III. DISCUSSION

In their Motion to Remand, Plaintiffs argue that this Court lacks subject matter jurisdiction, necessitating remand. Plaintiffs first contend that TBO's assertions that jurisdiction exists *vis-à-vis* Plaintiffs' negligence *per se* claims on grounds TBO violated COLREGS does not present a federal question. Plaintiffs also aver that TBO does not rely on federal maritime statutes in support of removal, and "actions brought in state court under 28 U.S.C. § 1333 may not be removed to federal court absent an independent basis for federal jurisdiction."[3] Mot. Remand. at 7–8 (quoting *N.Y. Marine & Gen. Insur. Co. v. AGCS Marine Insur. Co.*, 454 F. Supp. 3d 1335, 1341 (S.D. Ga. 2020)).

Typically, a case "arises under" federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 13 (1983). In *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986), the Supreme Court explained: "There is no 'single, precise definition' of that concept; rather, 'the phrase "arising under" masks a

---

[3] Although Plaintiffs put forth this argument, Defendants do not expressly address it in their Response.

welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system.'" Thus, in this regard, federal courts conducting an inquiry into federal jurisdiction must carefully scrutinize arguments made in support of federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1375 (11th Cir. 1998).

This Court agrees with Plaintiffs that the need to consider the COLREGS to determine whether Defendants violated them does not present a federal question substantial enough to place the Plaintiffs' state law tort actions within the jurisdiction of the federal courts. As the Supreme Court has emphasized, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

More specifically, Plaintiffs rely on the factors set forth in *Gunn v. Minton*, 568 U.S. 251 (2013). In that case, the Supreme Court considered whether a patent claim "[arose] under any Act of Congress relating to patents." The Court set forth four factors for determining whether federal jurisdiction was found over a state law claim, starting with whether "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258. Plaintiffs argue that the first, third, and fourth *Gunn* factors are not satisfied here. Plaintiffs argue that the first and fourth factors are not satisfied because the Amended Complaint here "alleg[es] a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." Mot. Remand. at 13–14 (quoting *Merrell Dow*, 478 U.S. at 817). With respect to the third factor, Plaintiffs contend that any violation of the COLREGS was

not sufficiently substantial, noting that these alleged violations are but a single element of a purely state law negligence per se claim. *Id.* at 11–13.

Defendants respond that, without the COLREGS, Plaintiffs would have no causes of action. In their Response, Defendants make much about the history of the COLREGS and their context within the facts of this case and Plaintiffs' allegations. According to Defendants, these considerations indicate that Plaintiffs' causes of action stem from federal law and create a federal question substantial enough to place Plaintiffs' claims within this Court's jurisdiction. *See generally* ECF No. 27. Thus, Defendants argue that the actions about which Plaintiffs complain against all Defendants "derive from their status as working a commercial operation in either towage or salvage and challenging their operations pursuant to federal law." *Id.* at 5.

Defendants' strained arguments fail to carry the day. "Federal jurisdiction may be invoked to vindicate a right or privilege claimed under a federal statute." *People of Puerto Rico v. Russell*, 288 U.S. 476, 483 (1933). However, "[i]t may not be invoked where the right asserted is nonfederal, merely because the plaintiff's right to sue is derived from federal law . . . . The federal nature of the right to be established is decisive—not the source of the authority to establish it." *Id.* Although the applicability of the factors set forth in *Minton* is unclear given that the *Minton* case concerned whether a patent claim "[arose] under any Act of Congress relating to patents," it remains true that merely because Plaintiffs' allegations include a violation of the COLREGS as a basis for their negligence claims does not mean that a substantial federal question is present here.

"[T]he vast majority of cases brought under the general federal[ ]question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow*,

478 U.S. at 809. Here, the COLREGs do not create Plaintiffs' cause of action, and Plaintiffs' state law tort allegations are not entirely rooted in the COLREGS' enforcement or violations. And, even assuming the allegations here present a circumstance "where the vindication of a right under state law necessarily turned on some construction of federal law," *Franchise Tax Bd.*, 463 U.S. at 9, the Supreme Court has rejected the idea that this is sufficient to create federal question jurisdiction. In *Franchise Tax Board*, the Court found federal jurisdiction was lacking where the central issue presented turned on the meaning of a federal statute, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

Furthermore, Defendants' supplemental briefing (*see generally* ECF No. 64) fails to point this Court to a single case "in which a federal court found that the applicability of the [COLREGS] . . . conferred federal question jurisdiction over or preempted state law claims." *See* ECF No. 63 at 2. Instead, as Plaintiffs point out (*see generally* ECF No. 67), Defendants cite several distinguishable cases—the majority of which exceed the scope of this Court's instruction in the November 25 Order—and insist that Plaintiffs' reference to the COLREGS confers jurisdiction in the instant matter. The only case on point identified by Defendants, and which they attempt to undermine, *R.L. Baron Shipping S.A. v. Cent. Gulf Lines, Inc.*, No. CIV. A. 97-3829, 1998 WL 61035 (E.D. La. Feb. 13, 1998), militates against a finding in favor of Defendants on this issue. This Court finds the *R.L. Baron* decision instructive. There, a district court in the Eastern District of Louisiana looked to the plaintiff's state court complaint in determining whether allegations in a claim for negligence conferred federal question jurisdiction. *Id.* at *2. While the state court pleading in that action contained no reference to the COLREGS, the district court expressly noted that, even if the COLREGS were included therein, "removal would still be improper because the COLREGS have been held not to 'arise

9

under' the Constitution, treaties or laws of the United States." *Id.* at *3. Underlying this finding was the reasoning that the COLREGS do not establish a right of action; rather, the navigational duties "dictate[ ] venue, procedures[,] and standards of liability." *Id.* This Court agrees.

After careful review of Plaintiffs' allegations in the Amended Complaint and applicable law, this Court finds that Defendants have failed to satisfy their burden to decisively demonstrate federal jurisdiction lies in this case. Mindful of the principles espoused above, that doubts with regard to the existence of a federal question should be resolved in favor of remand, *see Allen*, 327 F.3d at 1293, this Court finds that jurisdiction in this case is lacking and remand of this matter to state court is appropriate.

### IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [**ECF No. 11**] is **GRANTED**. This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. The Clerk is directed to **CLOSE** this case, and any pending motions, including Plaintiffs' Motion for Protective Order [**ECF No. 50**], are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 9th day of June, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record