UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-80294-CIV-DAMIAN

JOHN CHRISTOPHER DYKES and
ROBERT MICHAEL LEE DYKES as
Co-Personal Representatives of the
Estate of Robert Dykes,

      Plaintiffs,
v.

BOAT OWNERS ASSOCIATION OF
THE UNITED STATES, *et al.*,

      Defendants.
_____/

## ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS [ECF NO. 72]

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Entitlement to Attorneys Fees and Costs Pursuant to 28 U.S.C § 1447(c), filed June 10, 2025 (the "Motion") [ECF No. 72].

THE COURT has reviewed the Motion, Defendants' Notice of Objection to Bifurcation and Response in Opposition to Plaintiffs' Motion (the "Response") [ECF No. 74], Plaintiffs' Reply [ECF No. 76], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises.

In the Motion, Plaintiffs seek an award of attorneys' fees and costs pursuant to Title 28, United States Code, Section 1447(c), on the grounds that Defendants improperly removed this action to federal court. For the reasons that follow, the Motion is denied.

### I.    BACKGROUND

Plaintiffs, John Christopher Dykes and Robert Michael Lee Dykes, as Co-Personal Representatives of the Estate of Robert Dykes ("Plaintiffs"), filed the operative complaint in

the state civil action on February 8, 2024. *See* ECF No. 1-1 (the "Amended Complaint"). The Amended Complaint named as Defendants Boat Owners Association of the United States ("BOA"), Tow Boat One, Inc. ("TBO"), and Captain Craig Robert McCarter ("McCarter") (collectively, "Defendants"). *See* Am. Compl. In the Amended Complaint, Plaintiffs allege that on April 16, 2022, the Decedent, Robert Dykes, attempted to rescue eight people who had entered the water after their vessel, the *Fricka*, foundered. Am. Compl. ¶ 14. According to the Amended Complaint, McCarter "aggressively" ran the vessel he was captaining, the *Unit 4* (owned by TBO), through several vessels already on the scene and trapped Robert Dykes in the water between the *Unit 4* and his vessel, the *Country Boy*. *Id.* ¶ 15. McCarter then left the helm of the *Unit 4*, which drifted in the direction of the *Country Boy* and pinned Robert Dykes, causing him to sustain fatal injuries. *Id.* ¶¶ 16-17. Plaintiffs assert claims of negligence and negligence *per se* against McCarter (Counts I-II), vicarious liability against TBO (Count III), negligence and negligence *per se* against TBO (Count IV-V), joint venture against TBO and BOA (Count VI), vicarious liability against BOA (Count VII), and negligence against BOA (Count VIII).[1] *See generally id.*

### A. Defendants' Notice Of Removal And Plaintiffs' Motion To Remand.

TBO removed the action to this Court on March 14, 2024, pursuant to 28 U.S.C. § 1331, asserting that the claims in this action arise under the laws of the United States given that the Plaintiffs' Amended Complaint alleges violations of the International Regulations for Preventing Collisions at Sea ("COLREGS"), as incorporated into federal regulations. *See generally* ECF No. 1. On April 2, 2024, Plaintiffs filed their Motion to Remand. [ECF No.

---

[1] The Amended Complaint appears to contain a scrivener's error as to Count VIII, incorrectly listing it as Count IX.

2

11]. Defendants responded on April 26, 2024 [ECF No. 27], and Plaintiffs replied on May 8, 2024 [ECF No. 35]. This Court reviewed the submissions and heard from the parties, who appeared before the undersigned, through counsel, to be heard on the Motion. Following the hearing, this Court took the matter under advisement and directed the parties to file supplemental briefing limited to federal authority on the issue of whether claims that involve interpretation of COLREGS confer federal question jurisdiction or preempt state law claims. [ECF No. 63].

After reviewing the parties' supplemental submissions [ECF Nos. 64, 67], this Court granted the Motion to Remand, finding that "Defendants have failed to satisfy their burden to decisively demonstrate federal jurisdiction lies in this case." Order Granting Motion to Remand at 10 [ECF No. 70]. The case was remanded to the state court on June 9, 2025.

### B. *Plaintiffs' Motion For Attorneys' Fees*

Plaintiffs filed the Motion now before the Court on June 10, 2025. In the Motion, Plaintiffs make a threadbare argument that they are entitled to attorneys' fees because they included a request for fees in their Motion to Remand [ECF No. 11] and because 28 U.S.C. § 1447(c) permits fee awards for improper removal. Mot. ¶¶ 4-5, 8. While this Court may bifurcate the issues of entitlement to fees and amount of fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), the Motion's certificate of conferral did not advise as to Defendants' position on bifurcation, so this Court issued an Order for Defendants to state their position as to bifurcation in their Response to the Motion. [ECF No. 73].

Defendants then filed their Response, in which they object to the bifurcation of the issues "entirely due to Plaintiffs' failure to abide by S.D. Fla. L.R. 7.3(b)," which states that a draft motion compliant with the Local Rule governing motions for attorneys' fees (Rule

3

7.3(a)(1)-(8)) must be served on the other side (but not filed) at least thirty days prior to the deadline for filing such a motion. Resp. at 2. Aside from the Local Rules violation, Defendants also oppose the Motion on the basis that this Court's Order Granting Motion to Remand mooted the Motion for Attorneys' Fees and that the Defendants had a reasonable basis for removal. *See* Resp. at 4-8. Plaintiffs replied, arguing that Local Rule 7.3(b) does not apply to this Motion because the Motion only concerns entitlement and not amount of fees, the Order Granting Motion to Remand did not decide the fee issue because fees were not yet before the Court, and Defendants lacked any objectively reasonable basis for removal. *See generally* Reply. The Motion is fully briefed and ripe for adjudication.

## II.  APPLICABLE LEGAL STANDARD

Pursuant to Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) (citation omitted).

## III.  DISCUSSION

### A. *Procedural Issues Raised In Defendants' Response.*

Defendants raised three procedural hurdles: (1) improper bifurcation, (2) failure to serve the draft motion, and (3) mootness. *See* Resp. Because Plaintiffs have not shown that

they are entitled to an award of attorneys' fees on the merits of their Motion, it is not necessary to present a fulsome analysis of the procedural arguments.[2]

### B. Plaintiffs' Failure To Show That Defendants Lacked Any Objectively Reasonable Basis For Removal.

In the Motion, Plaintiffs' only argument in favor of granting fees is that because this Court has discretion to require an award of fees, this Court should exercise that discretion and award such fees here. *See* Mot. ¶¶ 4-8. Plaintiffs point out that this case was filed in state court pursuant to an Order from Judge Middlebrooks in a related case, Case No. 22-CV-81516, so, according to Plaintiffs, the Defendants should not have been permitted to remove the state court action in the first place. *Id.* ¶ 3. Plaintiffs are careful not to argue that Judge

---

[2] While it does not serve judicial economy to analyze every counterargument raised by Defendants, this Court does note that Defendants are correct that Plaintiffs' attempt to unilaterally bifurcate the issue of entitlement to fees from amount is improper, and that Plaintiffs also violated Local Rule 7.3(b) by not serving their Motion on Defendants before filing it. *See Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp.*, No. 16-22280-CIV-COOKE/Torres, 2018 WL 1876732, at *5 (S.D. Fla. Feb. 9, 2018) (denying motion for entitlement to attorneys' fees because movant failed to seek leave to bifurcate the fee issues or set forth sufficient reasons to justify bifurcation, and because movant failed to serve a draft motion on the nonmovant); *I.T.N. Consolidators, Inc. v. N. Marine Underwriters, Ltd.*, No. 09-20762-CIV-LENARD/Goodman, 2016 WL 3892428, at *2-3 (S.D. Fla. July 13, 2016) (denying motion for entitlement to attorneys' fees because the movant unilaterally bifurcated the issues of entitlement and amount and because and movant had not served motion on nonmovant per L.R. 7.3(b)); *Latele Television, C.A. v. Telemundo Comm'ns Grp.*, No. 12-22539-CIV, 2015 WL 1412363, at *2-4 (S.D. Fla. Mar. 26, 2015) (Goodman, M.J.) (denying a motion to determine entitlement to attorneys' fees because the movant unilaterally bifurcated the issue of entitlement from the issue of amount without seeking leave from the Court, and movant failed to comply with L.R. 7.3's pre-filing conferral requirement).

However, the issue of fees was not rendered moot in the Order Granting Motion to Remand. Upon review of that Order, this Court confirms that there was no mention of fees, costs, entitlements, or any of the fee or cost-related issues raised in the Motion currently before the Court. This Court does not agree with Defendants' statement that the Court "addressed" the fee issue in its Order Granting Motion to Remand because the language "all pending motions [ ] are **DENIED AS MOOT**" is clear that it refers only to "all pending motions." The Motion now before the Court was not pending at the time the Order Granting Motion to Remand was entered.

Middlebrooks' Order prohibited removal of the underlying state court action, so it is unclear what relevance Judge Middlebrooks' Order has to the reasonableness of removal here.[3]

Defendants respond that they had a good faith basis to believe that the application of the COLREGS and federal regulations, which appear on the face of the state court complaint, would invoke federal question jurisdiction. *See* Resp. at 7.

In their Reply, Plaintiffs argue that Defendants lacked any objectively reasonable basis for removal and cite new authority for that proposition which was not previously raised in the Motion for Fees nor while the Motion for Remand was pending. *See* Reply at 5-6. Initially, arguments raised for the first time in a Reply brief are deemed waived. Plaintiffs could have (and should have) applied the circumstances presented in this case to the relevant legal standard to explain in their Motion why it was not objectively reasonable for Defendants to remove. *See MY. P.I.I. LLC v. H&R Marine Eng'g, Inc.*, 544 F. Supp. 3d 1334, 1349-50 (S.D. Fla. 2021) (Altman, J.) ("And it's well-established that '[a]rguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.'" (quoting *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009))). Instead, Plaintiffs filed a Motion that suffers from multiple Local Rule violations and presents scant argument for why the relief sought is appropriate in these circumstances.

In any event, there is no need for complex legal analysis to determine if fees are appropriate here. The record reflects that the issue of whether removal was appropriate was not obvious. After reviewing the parties' memoranda and hearing argument, this Court took the issue of remand under advisement and ordered additional briefing on the issue of whether

---

[3] Review of Judge Middlebrooks' Order (No. 22-CV-81516, ECF No. 95) reflects that it does not include language that affirmatively precluded removal jurisdiction.

claims based on the COLREGS present a federal question. *See* ECF No. 63. Then, as the Order Granting Motion to Remand makes clear, this Court did not indicate that there was anything unreasonable about Defendants' position, instead invoking the high bar for federal jurisdiction as a basis for remand:

> After careful review of Plaintiffs' allegations in the Amended Complaint and applicable law, this Court finds that Defendants have failed to satisfy their burden to decisively demonstrate federal jurisdiction lies in this case. Mindful of the principles espoused above, that doubts with regard to the existence of a federal question should be resolved in favor of remand, *see Allen*, 327 F.3d at 1293, this Court finds that jurisdiction in this case is lacking and remand of this matter to state court is appropriate.

Order Granting Remand at 10. And just as the standard to establish federal jurisdiction is high, the standard to establish an entitlement to fees under § 1447(c) is high as well. *See Fine Food Factory, Inc. v. Facilitrace LLC*, No. 24-cv-61191-LEIBOWITZ/Augustin-Birch, 2024 WL 4652127, at *9 (S.D. Fla. Nov. 1, 2024) ("Moreover, courts within the Southern District of Florida typically award attorneys' fees only when defendant's abuse of removal is abundantly clear."); *Metro. Life Ins. Co. v. Postin*, No. 24-80658-CIV-CANNON, 2024 WL 5264475 (S.D. Fla. June 20, 2024) (denying request for attorneys' fees for improper removal of foreclosure case that had been removed via federal question jurisdiction when foreclosure complaint had zero reference to federal law and was removed after entry of final judgment in the state court case).

      This Court finds that there was a reasonable basis for Defendants' decision to remove this action, even if this Court ultimately determined that references to COLREGS and other maritime federal regulations on the face of the complaint were insufficient to invoke federal question jurisdiction. "[W]hen an objectively reasonable basis exists, fees should be denied." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## IV. CONCLUSION

As there was an objectively reasonable basis for Defendants to believe that Plaintiffs' claims were governed by federal law and removable, this Court denies Plaintiffs' Motion. Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entitlement to Attorneys Fees and Costs **[ECF No. 72]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 29th day of July, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**